FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

2006 AUG -4  P 1: 04

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
JACKSONVILLE, FLORIDA

3:06-cv-704-4 32HTS

MICHAEL ANDREWS, JAMES H.
ADAMS. CHARISSE BELL, HARVEY
BOLTON, OLIVER J. CHERRY,
LORETTA CARRAHER, JULIET
CHRISTIE, DAVID FUTCH,
CLARITA GARDEN, JOHN GARDEN.
WAYNE GARLAND, BLONDIE
GIBSON, FAYE GOODIN, JOE
GRIMM, DEBRA HODGE. MARCIE
HOERIG, TAMMY HOWARD, ANITA
HUMPHREY, TAMMI JENKINS.
DWANE JOHNSON, DEAN KAY,
PRICILLA KIMES, GARY LAY,
LARRY LESTER, KAREN LITTLE.
ROBERT LONG, LINDA MARTIN,
LETTIE MCCLAIN, DARLENE
MELTON, DEANNA MILLER,
STEPHEN OWENS, JOHN PAPP,
LEONARD PLATT, NATHANIAL
RICHARDSON,  JANNELL E. RILEY.
MUZETTE ROBINSON, KATHERINE
ROLLINS, DENISE SANDERS.
PATRICIA SANDERS, STAPHENIA
SIMMONS. ROSA SIMPKINS,
LOUISE M. SOFIA, NANCY
SWARTEK. ROBERT VISCONTI,
JOHN WALLACE, ELLA WILLIAMS
and RICHARD WILSON, individually
and on behalf of all other
employees similarly situated;

        Plaintiffs,                Civil Action No.:

    v.

CSX TRANSPORTATION, INC.;
CSX INTERMODAL INC., and
CSX CORPORATION,                 COMPLAINT

        Defendants.             **JURY TRIAL DEMANDED**

## INTRODUCTION

Now come the plaintiffs, individually and on behalf of all other similarly situated employees, to set forth claims pursuant to Section 2617 (2) (B) of the Family Medical Leave Act (29 U.S.C. 2601 et. seq.)(hereinafter "FMLA") and intentional infliction of emotional distress. by and through their attorneys and complaining of the defendants CSX TRANSPORTATION. INC.. a corporation. CSX INTERMODAL, INC., and CSX CORPORATION (herein after all commonly known as "CSX") state as follows:

1.      This is an action under the Family and Medical Leave Act on behalf of current and former employees of CSX who have been terminated, disciplined. and discriminated against in the exercise of their rights by the defendants in their policies, patterns and practices to interfere, restrain and/or deny the exercise or the attempt to exercise the plaintiffs' rights under the Family and Medical Leave Act and intentional infliction of emotional distress under state law.

2.      That within two years immediately prior to the date of the filing of this action, or three years for willful violations, the plaintiffs and other similarly situated employees of CSX, and each of them, exercised their rights under the Family Medical Leave Act (29 U.S.C. 2601, et. seq.) and the Family Medical Leave Act Regulations (29 C.F.R. 825.100 et. seq.) by requesting and/or taking medical leave and family leave pursuant to the provisions of said Act and Regulations.

3.      That CSX violated the Family Medical Leave Act (29 U.S.C. 2601, et. seq.) and the Family Medical Leave Act Regulations (29 C.F.R. 825.100 et. seq.) in one or more of the following ways:

   a.   Wrongfully and willfully terminated the employment of the plaintiffs and all

other CSX employees similarly situated, and each of them, with violations such as absenteeism, and attempted use of FMLA and alleged misuse of medical leave provided by FMLA, which occurred from regular use of intermittent medical leave provided by FMLA;

b. Wrongfully and willfully charged the plaintiffs and all other CSX employees similarly situated, and each of them, with violations such as absenteeism, and misuse of intermittent medical leave provided by FMLA, which occurred from regular use of intermittent medical leave provided by FMLA;

c. Wrongfully and willfully miscalculated the number of eligible hours for plaintiffs and all other CSX employees similarly situated, and each of them, based upon the employee's normal workweek or upon the twelve weeks prior to commencing leave;

d. Wrongfully and willfully harassed the plaintiffs and all other CSX employees similarly situated, and each of them, while on intermittent FMLA by requiring them to uniformly re-certify their FMLA provided intermittent leave:

e. Wrongfully and willfully required the plaintiffs and all other CSX employees similarly situated, and each of them, to use their FMLA provided intermittent leave in order to honor medical restrictions set forth by their healthcare provider;

f. Wrongfully and willfully required the plaintiffs and all other CSX employees similarly situated, and each of them, to go to second and third opinions without reason to doubt the validity of the medical certification, to be evaluated by doctors that were regularly used by defendants, and failed to

provide a copy of such opinions within two business days. in order to prevent employees from receiving intermittent medical leave, as provided by the FMLA;

g.  Wrongfully and willfully limited the plaintiffs and all other CSX employees similarly situated, and each of them, intermittent medical leave provided by the FMLA, to be used only for health provider office visits;

h.  Wrongfully and willfully required the plaintiffs and all other CSX employees similarly situated, and each of them, to use their paid and unpaid non-FMLA provided sick and personal vacation time concurrent with their FMLA time.

i.  Wrongfully and willfully did not inform the plaintiffs and all other CSX employees similarly situated, and each of them, that their reasons for frequent absences should be considered for FMLA certified leave.

j.  Wrongfully and willfully harassed the plaintiffs and all other CSX employees similarly situated. and each of them, because of their absences from work while on medical leave provided by the FMLA:

k.  Wrongfully and willfully harassed plaintiffs and all other CSX employees similarly situated. and each of them. in order to discourage them from future use of medical leave pursuant to the FMLA.

l.  Wrongfully and willfully took intimidating actions against the plaintiffs and all other CSX employees similarly situated, and each of them, after they sought to take medical leaves pursuant to the federal Family and Medical Leave Act;

m.  Wrongfully and willfully calculated regular days worked as FMLA leave days

when FMLA leave was exercised in order to prevent forced overtime that was contradictory to doctor's orders.

n.  Wrongfully and willfully retaliated against the plaintiffs and all other CSX employees similarly situated, and each of them, by taking adverse employment actions as are stated in the previous statements.

4.    That the plaintiffs and all other CSX employees similarly situated, and each of them, had their entitlement to medical leave and/or family leave interfered with by CSX in violation of the Family Medical Leave Act (29 U.S.C. 2615).

5.    That as a direct and proximate result of one or more of the aforesaid acts, the plaintiffs and all other CSX employees similarly situated, and each of them, were injured and have lost and will in the future lose other great economic gains including lost wages, benefits, and out-of-pocket expenses, which they have acquired had CSX not violated their rights under the Family and Medical Leave Act.

6.    As a proximate result of CSX'S violation of the Family and Medical Leave Act and its Regulations, the plaintiffs and all other CSX employees similarly situated, and each of them, were harmed by CSX and now seek damages and equitable relief as set forth in this complaint.

## CLASS ALLEGATIONS

7.    Plaintiffs bring this cause pursuant to 29 U.S.C. §2617(a) (2) and F.R.C.P. 23 on their own behalf and on behalf of all persons, or their representatives, for a class of former and current employees of CSX who have applied for, been denied, disciplined, terminated or otherwise had their rights under the FMLA interfered

with or harassed for the exercise of rights under the FMLA.

8.   This action is brought and may be properly maintained as a class action pursuant to F. R. C. P. 23.

9.   The Class is so numerous that joinder of all members is impractical. Although the exact size of the Class is unknown, membership in the Class potentially numbers in the hundreds. Accordingly, the Class is sufficiently numerous that joinder of all members of the Class is impracticable.

10.  There are numerous key questions of fact and law which are common to all members of the Class, which predominate over any questions which effect only individual members of the class, including *inter alia*, the following:

   a)  Whether defendants' policies, practices or customs related to its FMLA leave programs improperly and unlawfully calculates the number of hours in the workweek or average workweek for purposes of determining the amount of eligible hours;

   b)  Whether defendants require their employees to use hours from intermittent FMLA consistent with medical restrictions to work no more than eight hours per day, thereby eliminating eligible hours under FMLA and subjecting them to the defendants' absenteeism policy;

   c)  Whether defendants improperly and unlawfully require employees on intermittent FMLA to obtain re-certifications at the employee's expense within the twelve month certification period;

d) Whether the defendants' absenteeism policies and required use of sick, personal and vacation leave, subject their employees to discipline and/or termination in violation of the FMLA;

e) Whether defendants require second and third opinions without a reason to doubt the validity of the medical certification, regularly contracted with healthcare providers for these opinions, and provided a copy of these opinions within two business days;

f) Whether the defendants should be enjoined in from further conduct in violation of the aforementioned laws; and,

g) Whether the class members have suffered ascertainable losses.

11. Plaintiffs' claims are typical of the claims of the other members of the Class which they seek to represent.

12. Plaintiffs will fairly and adequately protect the interests of the members of the Class and plaintiffs have no interests that are adverse to the interests of the class.

13. Plaintiffs have retained competent counsel who have substantial experience in the prosecution of employment and class action cases.

14. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Even if any Class members could afford individual litigation, it would be unduly burdensome to the individual courts. Individual litigation magnifies the delay and expense to all parties. By contrast, the Class Action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale and comprehensive

supervision by a single Court. Concentrating this litigation in one forum would promote judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency. The conduct of this action as a Class Action conserves the resources of the parties and the Court system, and protects the rights of each class member and meets all due process requirements as to fairness to the defendant.

15. The defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class and subclasses defined as follows:

a. Discipline/ Termination under Absenteeism Policy

All current or former CSX employees who, within the applicable limitations period, were terminated, disciplined or otherwise suffered adverse employment actions based upon discipline and/or termination under defendants' absenteeism policy where the exercise of rights under the FMLA was interfered with or denied.

b. Termination / Discipline: FMLA under False Pretenses/Subterfuge

All current or former CSX employees who, within the applicable limitations period, were terminated, disciplined or otherwise suffered adverse employment actions based upon charges of using FMLA under false pretenses or subterfuge.

c. Use of FMLA for Forced Overtime/ 8 Hour Restrictions

All current or former CSX employees who, within the applicable limitations period, were required to use FMLA leave when forced to work overtime and had medical restrictions not to work in excess of eight hours per day or forty hours per week.

d. Recertification

All current or former CSX employees who, within the applicable limitations period, were required to obtain re-certification at the employee's expense, within the twelve month period where the healthcare provider set forth a minimum period of time in the medical certification.

e.  Office Visits Only

All current or former CSX employees who, within the applicable limitations period, provided medical certifications for intermittent leave under the FMLA where defendants approved as "office visits only" contrary to the scope of the health provider's medical certification.

f.  Second and Third Opinions

All current or former CSX employees who, within the applicable limitations period, were required to be evaluated by second and third opinions without a reason to doubt the validity of the medical certification, not provisionally approved for leave pending the second opinion process, second or third opinions performed by regularly used healthcare providers, and not provided a copy of these opinions within two business days.

g.  Required Use of Sick, Personal and Vacation Time

All current or former CSX employees who, within the applicable limitations period, were terminated, disciplined or otherwise suffered adverse employment actions under defendants' absenteeism policy due to defendants' practice to require use of sick, personal and/or vacation leave concurrent with FMLA leave.

h.  Miscalculation of Eligible Hours

All current or former CSX employees who, within the applicable limitations period, have exercised rights under the FMLA where defendants have miscalculated the eligible number of hours under intermittent leave and worked in excess of forty hours per week.

## PARTIES

16.  CSX Corporation is a company based at 500 Water Street, Jacksonville, Florida 32202. CSX Corporation owns subsidiaries that provide rail, intermodal and rail-to-truck services connecting more than 70 river, ocean and lake ports, as well as more than 200 short line railroads.

17.   CSX Transportation. Inc.. the principle operating company located at 500 Water Street. Jacksonville, Florida 32202, operates the largest railroad in the eastern United States with a 22,000-mile rail network linking commercial markets in 23 states. the District of Columbia, and two Canadian provinces. CSX Transportation employs 32,000 people.

18.   CSX Intermodal is an integrated intermodal company serving consumers from origin to destination with their own truck and terminal operations plus a dedicated domestic container fleet. Its current nationwide network of 48 terminals reaches not only to the US, but into Canada and Mexico as well. CSX Intermodal is located at 301 West Bay Street, Jacksonville, Florida 32202.

19.   Each of the plaintiffs is a current or former employee of defendants, CSX Transportation and CSX Intermodal, which are subsidiaries of CSX Corporation, and who reside within the state of Florida as set forth individually below.

## JURISDICTION AND VENUE

20.   This Court has jurisdiction pursuant to the Family and Medical Leave Act of 1993. 29 U.S.C. Section 2601 et. seq. ("FMLA"), 28 U.S.C. Section 1331. and supplemental jurisdiction for the state law claims. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendants reside within this district and a substantial part of the events giving rise to the claim occurred in this district.

21.   The defendants are covered employers within the meaning of the FMLA because, among other things, they each employ fifty or more employees during the relevant time period and maintain policies with respect to the FMLA.

22.     Each of the plaintiffs worked for the defendants at least two years prior, and three years for willful violations, to their discharge, discipline, interference or other adverse employment action and had worked for the defendants at least 1,250 hours within the year preceding.

## COUNT I
### (Discipline/Termination under Absenteeism Policy)

Now comes the plaintiff, Michael Andrews, and all other similarly situated CSX employees, including Anita Humphrey, complaining of the defendants, CSX, a corporation, violated the FMLA, 29 U.S.C. §§ 2601 et seq. and regulations because it is unlawful for an employer to discharge or in any other manner discriminate under 29 U.S.C. § 2615 (a) (1) and (a) (2) and states as follows.

Plaintiff Michael Andrews

23.     That at all times relevant herein, the plaintiff, MICHAEL ANDREWS, was an employee of the defendants, CSX, who hired on in April of 1999 as an intermodal service worker.

24.     That at all times relevant herein, the plaintiff, MICHAEL ANDREWS, was an individual residing at 2873 Jane Lane, Hillard, Florida 32046.

25.     That the plaintiff, MICHAEL ANDREWS, was absent or late to work on July 28, 2005; July 29, 2005; July 30, 2005; July 1, 2005; August 1, 2005; September 13, 2005; September 14, 2005; November 30, 2005; December 1, 2005; December 2, 2005; December 7, 2005; December 8, 2005; December 9, 2005; December 29, 2005; December 30, 2005.

26. That the plaintiff, MICHAEL ANDREWS, was charged with excessive attendance failures on January 3, 2006; due to having more than six attendances failures in the last six months pursuant to defendants' attendance policy.

27. That six of the nine attendance failures that the plaintiff, MICHAEL ANDREWS, was charged with were due to a serious medical conditions.

28. That the defendants, CSX, never informed the plaintiff, MICHAEL ANDREWS, that these absences could be certified under the FMLA, until after he was charged with excessive attendance failures.

29. That the defendants, CSX, claimed that they did not know about the plaintiff, MICHAEL ANDREWS'S serious medical condition until he contacted them regarding the charge on January 3, 2006.

30. That the plaintiff, MICHAEL ANDREWS, had contacted the defendants, CSX, regarding his serious medical condition previous to this time, when the plaintiff, MICHAEL ANDREWS, had been pulled out of service due to a medication issue.

31. That once the plaintiff, MICHAEL ANDREWS, had been informed that his serious medical condition qualified him for FMLA, he applied and was approved for FMLA certified leave.

32. That the defendants, CSX, terminated the plaintiff, MICHAEL ANDREWS on February 23, 2006; due to his excessive absence failures.


Plaintiff Anita Humphrey

33. That at all times relevant herein, the plaintiff, ANITA HUMPHREY, was an employee of the defendants, CSX.

34.   That at all times relevant herein. the plaintiff, ANITA HUMPHREY, was an individual residing at 10305 Lawson Road, Jacksonville. Florida 32246.

35.   That the plaintiff, ANITA HUMPHREY, was granted intermittent FMLA starting on or about March of 2004: March 2005 and April 17. 2006 due to her own serious medical condition.

36.   That the defendants. CSX. cited the plaintiff, ANITA HUMPHREY. for claiming FMLA on April 30, 2004: May 5, 2004; May 6.2004; May 13,2004; May 22.2004; May 23,2004; May 24.2004: May 25,2004: May 26.2004: May 29,2004 May 30,2004: June 5. 2004; June 6, 2004; August 6, 2004; August 12. 2004: August 13, 2004; August 14, 2004; August 20. 2004: August 21, 2004; August 22, 2004; September 4, 2004; September 5, 2004: October 6. 2004: October 7, 2004: October 8. 2004: October 16, 2004; October 17. 2004: October 19. 2004; October 20, 2004; October 21, 2004; October 30. 2004: November 9. 2004; November 9, 2004: November 15, 2004: November 16. 2004: November 20. 2004; November 21, 2004: November 22, 2004; November 23. 2004; December 8. 2004; December 11, 2004: December 20, 2004;  January 12. 2005: January 13. 2005: February 8, 2005; February 17, 2005; February 18, 2005: February 19, 2005; February 24, 2005; February 25, 2005; February 26, 2005 and March 8; 2005. These dates total 54 days in a one year rolling period. The defendants. CSX required the plaintiff, ANITA HUMPHREY'S doctor to confirm that these absences were consistent with the plaintiff, ANITA HUMPHREY'S serious medical condition.

37.   That the defendants, CSX, charged the plaintiff, ANITA HUMPHREY for excessive absenteeism for missing 10 days on 4 occurrences for a one year period.

38.   That on May 3, 2006 the defendants, CSX, cancelled any formal investigation for the above charge.

## COUNT II

### (Termination /Discipline under false Pretenses and Subterfuge)

Now comes the plaintiff, Marcie Hoerig, and all other similarly situated CSX employees, including James Adams, Charisse R. Bell, Juliet Christie, Tammy Howard, Anita Humphrey, Lettie McClain, Deanna Miller, and Muzette Robinson, complaining of the defendants, CSX, a corporation, violated the FMLA, 29 U.S.C. §§ 2601 et seq. and regulations because it is unlawful for an employer to discharge or in any other manner discriminate under 29 U.S.C. §2615 (a)(1) and (a)(2) and states as follows.

Plaintiff Marcie Hoerig

39.   That at all times relevant herein, the plaintiff, MARCIE HOERIG, was an individual residing at 782 Harbor Winds Drive, Jacksonville, Florida 32225.

40.   That at all times relevant herein, the plaintiff, MARCIE HOERIG, was an employee of the defendants, CSX.

41.   That on February 22, 2006 the defendants, CSX, charged the plaintiff, MARCIE HOERIG, for marking off under false pretenses and misuse of FMLA, citing the date January 24, 2006.

42.   That the plaintiff. MARCIE HOERIG. clearly told the defendants. CSX. that she was leaving work early due to her serious medical condition, as certified as FMLA.

43.   That the defendants. CSX. required the plaintiff, MARCIE HOERIG to attend a formal investigation on March 22, 2006.

44.   That the defendants, CSX. terminated the plaintiff. MARCIE HOERIG on April 11, 2006; due to misuse of FMLA and marking off under false pretenses.


Plaintiff James Adams

45.   That at all times relevant herein, the plaintiff, JAMES ADAMS was an employee of the defendants, CSX.

46.   That at all times relevant herein, the plaintiff, JAMES ADAMS, was an individual residing at 1485 Caribou Court, Orange Park, Florida 32065.

47.   That on November 3, 2004; the plaintiff JAMES H. ADAMS was granted intermittent medical leave under the FMLA for his own serious health condition.

48.   That CSX cited the plaintiff. JAMES H. ADAMS, for claiming FMLA sick time on April 11, 2005 under false pretenses.

49.   Defendants, CSX, alleged that the FMLA sick time was in fact used in order to attend the birth of the plaintiff's grandchild.

50.   In addition to the FMLA false pretenses allegation. defendants charged that plaintiff accepted gifts and money from a vendor in violation of the ethics code. providing false information to CSX customer, Advanced Recycling, and use of inappropriate language.

51.   That the defendants, CSX, terminated the employment of the plaintiff, JAMES H. ADAMS, on June 30, 2005; while the plaintiff was still on the above-described intermittent medical leave and the reasons for his termination are pretext for discrimination and in retaliation for the exercise of his FMLA rights.

Plaintiff Charisse R. Bell

52.   That at all times relevant herein, the plaintiff, CHARISSE R. BELL, was an employee of the defendants, CSX.

53.   That at all times relevant herein, the plaintiff, CHARISSE R. BELL, was and individual residing at 768 Robinson Ave, Jacksonville, Florida 32209.

54.   That on January 13, 2004; the plaintiff CHARISSE R. BELL was granted intermittent medical leave under the FMLA for her own serious health condition.

55.   That defendants, CSX, cited the plaintiff, CHARISSE R. BELL, for claiming FMLA sick time on May 8, 2005; May 14, 2005; May 15, 2005; May 20, 2005; May 21, 2005; and on May 23, 2005; under false pretenses.

56.   That the defendants, CSX, brought charges against the plaintiff, CHARISSE R. BELL, including May 26, 2005;

57.   That the defendants, CSX, cleared the plaintiff, CHARISSE R. BELL, of all charges.

58.   That the plaintiff, CHARISSE R. BELL seeks an expungement of this and all other charges relating to her FMLA time from her employment and disciplinary records.

Plaintiff Juliet Christie

59.    That at all times relevant herein, the plaintiff, JULIET CHRISTIE, was an
       employee of the defendants. CSX.

60.    That at all times relevant herein, the plaintiff, JULIET CHRISTIE, was an
       individual residing at 993 Cherry Point Way, Jacksonville, Florida 32218.

61.    That the defendants, CSX charged the plaintiff, JULIET CHRISTIE, on May 10,
       2005, for misuse of FMLA for marking off under false pretenses. and using
       FMLA inconsistent with her medical certification.

62.    That the defendants, CSX, held a formal investigation of the plaintiff. JULIET
       CHRISTIE for these charges on June 22, 2005.

63.    That as a result of the investigation into these charges, the defendants, CSX,
       terminated the employment of the plaintiff, JULIET CHRISTIE, on November 7,
       2005; while the plaintiff was still on the above-described intermittent medical
       leave.

Plaintiff Tammy Howard

64.    That at all times relevant herein, the plaintiff, TAMMY HOWARD, was an
       employee of the defendants. CSX.

65.    That at all times relevant herein the plaintiff, TAMMY HOWARD, was an
       individual residing at 11972 Noble Fir Court, Jacksonville, Florida 32218.

66. That the defendants, CSX charged the plaintiff, TAMMY HOWARD, alleging that the plaintiff, TAMMY HOWARD, had marked FMLA on December 25, 2005 time under false pretenses.

67. That the plaintiff, TAMMY HOWARD was in fact ill from December 24, 2005 until December 26, 2005; and provided a doctor's note to that effect to the defendants, CSX.

68. That the defendants, CSX, required the plaintiff, TAMMY HOWARD, to attend a formal investigation.

69. That the defendants, CSX, disciplined the plaintiff, TAMMY HOWARD, to a two day suspension.

70. That the plaintiff, TAMMY HOWARD seeks an expungement of this and all other charges relating to her FMLA time from her employment and disciplinary records.


Plaintiff Anita Humphrey

71. That the plaintiff, ANITA HUMPHREY, adopts paragraphs 31 through 36 above.

72. That on June 2, 2006 the defendants, CSX charged the plaintiff, ANITA HUMPHREY for marking off under false pretenses in accordance to FMLA on May 19, 2006

73. That the defendants, CSX, required the plaintiff, ANITA HUMPHREY, to attend a formal investigation for the above charge.

74. That the defendants, CSX, disciplined the plaintiff, ANITA HUMPHREY, by suspending the plaintiff for 10 days without pay.

75.     That the plaintiff, ANITA HUMPHREY seeks an expungement of this and all other charges relating to her FMLA time from her employment and disciplinary records. That on June 2, 2006 the defendants, CSX charged the plaintiff, ANITA HUMPHREY for marking off under false pretenses in accordance to FMLA on May 19, 2006

76.     That the defendants, CSX, required the plaintiff, ANITA HUMPHREY, to attend a formal investigation for the above charge.

77.     That the defendants, CSX, disciplined the plaintiff, ANITA HUMPHREY, by suspending the plaintiff for 10 days without pay.

78.     That the plaintiff, ANITA HUMPHREY seeks an expungement of this and all other charges relating to her FMLA time from her employment and disciplinary records.


Plaintiff Lettie McClain

79.     That at all times relevant herein, the plaintiff, LETTIE MCCLAIN, was an employee of CSX.

80.     That at all times relevant herein, the plaintiff, LETTIE MCCLAIN, was an individual residing at 1255 Turtle Creek Drive North, Jacksonville, Florida 32218

81.     That the plaintiff, LETTIE MCCLAIN was granted intermittent FMLA starting in March 30, 2005 due to her own serious medical condition.

82.     That on September 12, 2005 the plaintiff, LETIE MCCLAIN was charged with excessive absenteeism for the dates May 20, 2005; June 16, 2005; June 17, 2005; June 18, 2005; July 5, 2005; July 6, 2005; July 7, 2005; August 4, 2005; August

5. 2005: August 6, 2005: August 24, 2005: August 25. 2005: August 26, 2005: August 27, 2005: August 30, 2005; August 31, 2005: and September 1, 2005.

83.    That the defendants, CSX, required the plaintiff, LETTIE MCCLAIN to attend a formal investigation of these charges.

84.    That the defendants, CSX, suspended the plaintiff, LETTIE MCCLAIN from September 13, 2005 until; September 17, 2005 for these violations

85.    That the plaintiff, LETTIE MCCLAIN seeks an expungement of this and all other charges relating to her FMLA time from her employment and disciplinary records.


Plaintiff Deanna Miller

86.    That at all times relevant herein, the plaintiff, DEANNA MILLER, was an employee of the defendants, CSX.

87.    That at all times relevant herein, the plaintiff, DEANNA MILLER, was an individual residing at 1071 Barbatia Avenue, Jacksonville, Florida 32207.

88.    That plaintiff, DEANNA MILLER, first applied for medical leave under the FMLA in December of 1999, and was approved for intermittent leave every year following until her termination in 2005.

89.    That the plaintiff, DEANNA MILLER, submitted a medical certification signed by her doctor as recently as December 14. 2004 and was approved for to use FMLA medical leave until her termination on April 20, 2005.

90.    That the plaintiff, DEANNA MILLER, was charged by the defendants. CSX, on January 18, 2005 for using FMLA as a subterfuge to avoid working. Dates the

defendants, CSX, specifically cited were: December 30, 2004 through January 3, 2005; January 8, 2005 through January 9, 2005; January 10, 2005 and January 14, 2005.

91. That the defendants, CSX, held a formal investigation involving the plaintiff, DEANNA MILLER, for the above stated charge on April 7, 2005.

92. That the defendants, CSX, formally terminated the plaintiff, DEANNA MILLER, by letter dated April 20, 2005 for using FMLA as a subterfuge to avoid working.

93. That the plaintiff, DEANNA MILLER, was in fact, authorized to use FMLA provided medical leave in this fashion, as certified by her doctor, in the most recent medical certification, as well as all preceding medical certifications for medical leave under the FMLA.

94. That the defendants, CSX, formally terminated the plaintiff, DEANNA MILLER, by letter dated April 20, 2005 for using FMLA as a subterfuge to avoid working.


Plaintiff Muzette Robinson

95. That at all times relevant herein, the plaintiff, MUZETTE ROBINSON, was an employee of the defendants, CSX.

96. That at all times relevant herein, the plaintiff, MUZETTE ROBINSON, was an individual residing at 1110 Atlantic Boulevard, Apartment No. 601, Jacksonville, Florida 32225.

97. That on April 27, 2005, the plaintiff, MUZETTE ROBINSON was granted intermittent medical leave under the FMLA for her own serious health condition.

98.    That defendants, CSX, cited the plaintiff, MUZETTE ROBINSON, for claiming FMLA sick time on May 11, 2005; May 13, 2005; May 15, 2005; May 20, 2005; and May 22, 2005 under false pretenses.

99.    That the defendants, CSX, brought charges against the plaintiff, MUZETTE ROBINSON, while the plaintiff was still on the above-described intermittent medical leave.

100.   That the defendants, CSX, required the plaintiff, MUZETTE ROBINSON, to attend a formal investigation.

101.   That the defendants, CSX, sentenced the plaintiff, MUZETTE ROBINSON, to a twenty day suspension without pay.

102.   That the plaintiff, MUZETTE ROBINSON, seeks an expungement of this and all other charges relating to her FMLA time from her employment and disciplinary records.

## COUNT III
### (8 hours Medical Restrictions)

Now comes plaintiff, Charisse R. Bell, and all other CSX employees similarly situated, including: Oliver J. Cherry, John Garden, Blondie Gibson, Marcie Hoerig, Tammy Howard, Dean Kay, .Gary Lay, Linda Martin, Stephen Owens, Nathaniel Richardson, John Papp, Nancy Swartek, and Richard Wilson, and complain that defendants require plaintiffs to work in excess of forty hours per week and deducts hours from approved intermittent leave under the FMLA for employees who have medical restrictions to work eight hours per day or forty hours per week and defendants do not properly calculate the amount of eligible intermittent leave based upon the number of hours in a workweek or the average number of hours worked

during the twelve weeks prior to commencing FMLA leave, in violation of 29 U.S.C. 2601 et seq. and 29 C.F.R. 825.205(a) and state as follows:

Plaintiff Charisse R. Bell

103.   That the plaintiff, CHARISSE R. BELL, adopts paragraphs 51 through 57 above.

104.   That the defendants, CSX, forced the plaintiff, CHARISSE R. BELL, into overtime, despite having knowledge of medical restriction, submitted by her medical provider, limiting the plaintiff, CHARISSE R. BELL, to no more than one eight hour shift a day.

105.   The plaintiff, CHARISSE R. BELL, was required by the defendants, CSX, to use FMLA time in order to maintain an eight hour workday recommended by her health care provider.

106.   That the plaintiff, CHARISSE R. BELL, claims that her FMLA time was illegal docked to the defendants, CSX, requiring her to use her FMLA time in order to comply with her Doctor's medical orders.

Plaintiff Oliver J. Cherry

107.   That at all times relevant herein, the plaintiff, OLIVER J. CHERRY, was an employee of the defendants, CSX.

108.   That at all times relevant herein, the plaintiff, OLIVER J. CHERRY, was an individual residing at 11523 Sir Barton Court, Jacksonville, Florida 32218.

109.   That the defendants, CSX, forced the plaintiff, OLIVER J. CHERRY, into overtime, despite having knowledge of medical restriction, submitted by his

medical provider, limiting the plaintiff, OLIVER J. CHERRY, to no more than one eight hour shift a day.

110.    The plaintiff, OLIVER J. CHERRY, was required by the defendants, CSX, to use FMLA time in order to maintain an eight hour workday recommended by his health care provider.

111.    That the plaintiff, OLIVER J. CHERRY, claims that his FMLA time was illegal docked to the defendants, CSX, requiring him to use his FMLA time in order to comply with his Doctor's medical orders.


Plaintiff John Garden

112.    That at all times relevant herein, the plaintiff, JOHN GARDEN, was an employee of the defendants, CSX.

113.    That at all times relevant herein, the plaintiff, JOHN GARDEN, was an individual residing at 602 7th Avenue North, Jacksonville, Florida 32250.

114.    That the defendants, CSX, forced the plaintiff, JOHN GARDEN, into overtime, despite having knowledge of medical restriction, submitted by his medical provider, limiting the plaintiff, JOHN GARDEN, to no more than one eight hour shift a day.

115.    The plaintiff, JOHN GARDEN, was required by the defendants, CSX, to use FMLA time in order to maintain an eight hour workday recommended by his health care provider.

116.    That the plaintiff, JOHN GARDEN, claims that his FMLA time was illegal docked to the defendants, CSX, requiring him to use his FMLA time in order to comply with his Doctor's medical orders.


Plaintiff Blondie Gibson

117.    That at all times relevant herein, the plaintiff, BLONDIE GIBSON, was an employee of the defendants, CSX.

118.    That at all times relevant herein, the plaintiff, BLONDIE GIBSON, was an individual residing at 11834 Wax Berry Lane, Jacksonville, Florida 32218.

119.    That the defendants, CSX, forced the plaintiff, BLONDIE GIBSON, into overtime, despite having knowledge of medical restriction, submitted by her medical provider, limiting the plaintiff, BLONDIE GIBSON, to no more than one eight hour shift a day.

120.    The plaintiff, BLONDIE GIBSON, was required by the defendants, CSX, to use FMLA time in order to maintain an eight hour workday recommended by her health care provider.

121.    That the plaintiff, BLONDIE GIBSON, claims that her FMLA time was illegal docked to the defendants, CSX, requiring her to use her FMLA time in order to comply with her Doctor's medical orders.


Plaintiff Marcie Hoerig

122.    That the plaintiff, MARCIE HOERIG, adopts paragraphs 38 through 43 above.

123. That both the plaintiff MARCIE HOERIG'S personal health care provider and the defendants, CSX's, chosen health care provider, had stated the need for the plaintiff, MARCIE HOERIG to work no more than eight hours per a twenty-four hour period.

124. That the letter that the defendants, CSX, sent to the plaintiff, MARCIE HOERIG, on September 6, 2005 made no mention to that restriction, instead, stated that the plaintiff, MARCIE HOERIG could only use her FMLA for episodes.

125. That the defendants, CSX, forced the plaintiff, MARCIE HOERIG, into overtime, despite having knowledge of medical restriction, submitted by her medical provider, and did not allow the plaintiff, MARCIE HOERIG to use her FMLA time to ensure her Doctor's medical orders were followed.

126. That the plaintiff, MARCIE HOERIG, claims that her FMLA time was illegally classified by the defendants, CSX.


Plaintiff Tammy Howard

127. The plaintiff, TAMMY HOWARD, adopts paragraphs 63 through 69 above.

128. That the defendants, CSX, forced the plaintiff, TAMMY HOWARD, into overtime, despite having knowledge of medical restriction, submitted by her medical provider, limiting the plaintiff, TAMMY HOWARD, to no more than one eight hour shift a day.

129. The plaintiff, TAMMY HOWARD, was required by the defendants, CSX, to use FMLA time in order to maintain an eight hour workday recommended by her health care provider.

130.   That the plaintiff, TAMMY HOWARD, claims that her FMLA time was illegal docked to the defendants, CSX, requiring her to use her FMLA time in order to comply with her Doctor's medical orders.

Plaintiff Dean Kay

131.   That at all times relevant herein, the plaintiff, DEAN KAY, was an employee of the defendants, CSX.

132.   That at all times relevant herein, the plaintiff, DEAN KAY, was an individual residing at 1959 Choctan Trail, Middleberg, Florida 32068.

133.   That the defendants, CSX, forced the plaintiff, DEAN KAY, into overtime, despite having knowledge of medical restriction, submitted by his medical provider, limiting the plaintiff, DEAN KAY, to no more than one eight hour shift a day.

134.   The plaintiff, DEAN KAY, was required by the defendants, CSX, to use FMLA time in order to maintain an eight hour workday recommended by his health care provider.

135.   That the plaintiff, DEAN KAY, claims that his FMLA time was illegal docked to the defendants, CSX, requiring him to use his FMLA time in order to comply with his Doctor's medical orders.

Plaintiff Gary Lay

136.   That at all times relevant herein, the plaintiff, GARY LAY, was an employee of the defendants, CSX.

137.   That at all times relevant herein, the plaintiff, GARY LAY, was an individual residing at 2866 Sutton Estates Circle North, Jacksonville, Florida 32223

138.   That the defendants, CSX, forced the plaintiff, GARY LAY, into overtime, despite having knowledge of medical restriction, submitted by his medical provider, limiting the plaintiff, GARY LAY, to no more than one eight hour shift a day.

139.   The plaintiff, GARY LAY, was required by the defendants, CSX, to use FMLA time in order to maintain an eight hour workday recommended by his health care provider.

140.   That the plaintiff, GARY LAY, claims that his FMLA time was illegal docked to the defendants, CSX, requiring him to use his FMLA time in order to comply with his Doctor's medical orders.


Plaintiff Linda Martin

141.   That at all times relevant herein, the plaintiff, LINDA MARTIN, was an employee of the defendants, CSX.

142.   That at all times relevant herein, the plaintiff, LINDA MARTIN, was an individual residing at 12122 Honey Creek Place, Jacksonville, Florida 32223.

143.   That the defendants, CSX, forced the plaintiff, LINDA MARTIN, into overtime, despite having knowledge of medical restriction, submitted by her medical provider, limiting the plaintiff, LINDA MARTIN, to no more than one eight hour shift a day.

144. The plaintiff, LINDA MARTIN, was required by the defendants, CSX, to use FMLA time in order to maintain an eight hour workday recommended by her health care provider.

145. That the plaintiff, LINDA MARTIN, claims that her FMLA time was illegal docked to the defendants, CSX. requiring her to use her FMLA time in order to comply with her Doctor's medical orders.

Plaintiff Stephen Owens

146. That at all times relevant herein, the plaintiff, STEPHEN OWENS, was an employee of defendants. CSX.

147. That at all times relevant herein, the plaintiff, STEPHEN OWENS. was an individual residing at 5836 Copper Creek Drive, Jacksonville. Florida 32218.

148. That the plaintiff, STEPHEN OWENS, was granted intermittent FMLA starting 2003 due to his own serious medical condition.

149. That defendants, CSX, cited the plaintiff. STEPHEN OWENS. for excessive absenteeism for seven absences during the period covering May 19, 2005 to March 23, 2006.

150. That the defendants, CSX, forced the plaintiff, STEPHEN OWENS, into overtime, despite having knowledge of medical restriction, submitted by his medical provider, limiting the plaintiff, STEPHEN OWENS. to no more than one eight hour shift a day.

151.   The plaintiff, STEPHEN OWENS, was required by the defendants, CSX, to use FMLA time in order to maintain an eight hour workday recommended by his health care provider.

152.   That the plaintiff, STEPHEN OWENS claims that his FMLA time was illegal docked to the defendants, CSX, requiring him to use his FMLA time in order to comply with his Doctor's medical orders.


Plaintiff John Papp

153.   That at all times relevant herein, the plaintiff, JOHN PAPP, was an employee of the defendants, CSX.

154.   That at all times relevant herein, the plaintiff, JOHN PAPP, was an individual residing at 3200 Hartley Road; Apt. 82, Jacksonville, Florida, 32257.

155.   That the plaintiff, JOHN PAPP, adopts all of the relevant paragraphs above.

156.   That the defendants, CSX, forced the plaintiff, JOHN PAPP, into overtime, despite having knowledge of medical restriction, submitted by his medical provider on February 1, 2006, limiting the plaintiff, JOHN PAPP, to no more than one eight hour shift a day.

157.   The plaintiff, JOHN PAPP, was required by the defendants, CSX, to use FMLA time in order to maintain an eight hour workday recommended by his health care provider.

158.   That the plaintiff, JOHN PAPP, claims that his FMLA time was illegal docked to the defendants, CSX, requiring him to use his FMLA time in order to comply with his Doctor's medical orders.

Plaintiff Nathaniel Richardson

159. That at all times relevant herein. the plaintiff, NATHANIEL RICHARDSON. was an employee of the defendants, CSX.

160. That at all times relevant herein, the plaintiff, NATHANIEL RICHARDSON. was an individual residing at 11366 Willesdon Drive South. Jacksonville, Florida 32246.

161. That the defendants. CSX. forced the plaintiff. NATHANIEL RICHARDSON. into overtime, despite having knowledge of medical restriction, submitted by his medical provider, limiting the plaintiff, NATHANIEL RICHARDSON. to no more than one eight hour shift a day.

162. The plaintiff, NATHANIEL RICHARDSON, was required by the defendants. CSX, to use FMLA time in order to maintain an eight hour workday recommended by his health care provider.

163. That the plaintiff, NATHANIEL RICHARDSON, claims that his FMLA time was illegal docked to the defendants, CSX, requiring him to use his FMLA time in order to comply with his Doctor's medical orders.


Plaintiff Nancy Swartek

164. That at all times relevant herein the plaintiff, NANCY SWARTEK, was an employee of the defendants, CSX.

165. That at all times relevant herein, the plaintiff, NANCY SWARTEK, was an individual residing at 12555 Knollcrest Court. Jacksonville. Florida 32225.

166. That the defendants, CSX, forced the plaintiff, NANCY SWARTEK, into overtime, despite having knowledge of medical restriction, submitted by her medical provider, limiting the plaintiff, NANCY SWARTEK, to no more than one eight hour shift a day.

167. The plaintiff, NANCY SWARTEK, was required by the defendants, CSX, to use FMLA time in order to maintain an eight hour workday recommended by her health care provider.

168. That the plaintiff, NANCY SWARTEK, claims that her FMLA time was illegal docked to the defendants, CSX, requiring her to use her FMLA time in order to comply with her Doctor's medical orders.

Plaintiff Richard Wilson

169. That at all times relevant herein, the plaintiff, RICHARD WILSON, was an employee of the defendants, CSX.

170. That at all times relevant herein, the plaintiff, RICHARD WILSON was an individual residing at 3755 Joe Ashton Road, St. Augustine, Florida 32092.

171. That the plaintiff, RICHARD WILSON, adopts all of the relevant paragraphs above.

172. That the plaintiff, RICHARD WILSON, was denied the eight hour day medical restriction recommended by his health care provider.

173. That the defendants, CSX, forced the plaintiff, RICHARD WILSON, into overtime, despite having knowledge of medical restriction, submitted by his

medical provider, limiting the plaintiff, RICHARD WILSON, to no more than one eight hour shift a day.

174.   That the plaintiff, RICHARD WILSON, claims that his FMLA time was illegally classified by the defendants, CSX.

## COUNT IV
### (Re-Certification)

Now comes plaintiff, Muzette Robinson, and all other employees similarly situated, including: Harvey Bolton, Charisse Bell, Oliver J. Cherry, Juliet Christie, David Futch, Clarita Garden, John Garden, Wayne Garland, Blondie Gibson, Faye Goodin, Tammy Howard, Dean Kay Gary Lay, Larry Lester, Karen Little, Lettie McClain, Darlene Melton, Linda Martin, John Papp, Nathaniel Richardson, Patricia Sanders, Staphenia Simmons, Louise M. Sofia, Nancy Swartek, John Wallace, JR., Ella Williams, and Richard Wilson, on behalf of themselves and other similarly situated, and complains that defendants unlawfully have required re-certification of their approved intermittent leave in violation of 29 U.S.C. §§ 2601 et seq. and 29 C.F.R. 825.308(b) and state as follows:

Plaintiff Muzette Robinson

175.   That the plaintiff, MUZETTE ROBINSON, adopts paragraphs 94 through 101 above.

176.   That the plaintiff, MUZETTE ROBINSON, was required to recertify her FMLA on or about June 7, 2005 by the defendants, CSX.

177.   That on September 16, 2005 the defendants, CSX, cited the plaintiff, MUZETTE ROBINSON, for claiming FMLA sick time on April 1, 2005; April 2, 2005; April

3, 2005; April 5, 2005; April 24, 2005; May 1, 2005; May 14, 2005; May 23, 2005; May 27, 2005; July 1, 2005; July 10, 2005; July 11, 2005; August 7, 2005; August 19, 2005; August 27, 2005; August 28, 2005; August 29, 2005; and September 10, 2005.

178. That the defendants, CSX required the plaintiff, MUZETTE ROBINSON, to re-certify her FMLA benefits, alleging that the plaintiff, MUZETTE ROBINSON'S, previous FMLA form did not allow for this type of leave.

179. The plaintiff, MUZETTE ROBINSON, was in fact authorized to use FMLA time in this manner, for monthly office visits and three to four episodes per month.

180. That on December 20, 2005; the defendants, CSX, cited the plaintiff, MUZETTE ROBINSON, for claiming FMLA sick time on April 1, 2005; April 2, 2005; April 3, 2005; April 5, 2005; April 24, 2005; May 1, 2005; May 6, 2005; May 7, 2005; May 8, 2005; May 14, 2005; May 23; 2005; May 27, 2005; August 7, 2005; August 19, 2005; August 27, 2005; August 28, 2005; August 29, 2005; September 9, 2005; September 10, 2005; September 23, 2005; October 3, 2005; October 4, 2005; and October 17, 2005.

181. That the dates that the defendants, CSX, provided were inconsistent with the last recertification, completely omitting any dates in July of 2005 and adding dates in both May and September.

182. That the defendants, CSX required the plaintiff, MUZETTE ROBINSON, to re-certify her FMLA benefits, alleging that the plaintiff, MUZETTE ROBINSON'S, previous FMLA form did not allow for this type of leave.

183.    The plaintiff, MUZETTE ROBINSON, was in fact authorized to use FMLA time in this manner, for episodes and office visits relating to her serious medical condition.

184.    That on or about February, 2006; the defendants, CSX. required the plaintiff, MUZETTE ROBINSON, to re-certify her FMLA benefits again. alleging that the plaintiff, MUZETTE ROBINSON'S, previous FMLA form did not allow for this type of leave.

185.    The plaintiff, MUZETTE ROBINSON, was in fact authorized to use FMLA time in this manner, for office visits.

186.    That the defendants, CSX. changed the nature of plaintiff, MUZETTE ROBINSON'S, FMLA time on each occurrence that she was required to re-certify.

187.    That during the period of April 2004 until February 2004, the defendants. CSX. defined the plaintiff, MUZETTE ROBINSON'S FMLA time in no less than five different ways such as "Monthly Follow-up visits" on April 27, 2005; "three to four episodes per month and month office visits" on September 16, 2005; "Episodes and twelve office visits through April 6, 2006: on October 11, 2005; "Episodes and office visits" on December 20, 2005 and February 15, 2006; and "office visits" on January 10, 2006.

Plaintiff Harvey Bolton

188.    That at all times relevant herein, the plaintiff, HARVEY BOLTON. was an employee of the defendants, CSX.

189. That at all times relevant herein, the plaintiff, HARVEY BOLTON, was an individual residing at 432 Tenth Street South, Jacksonville, Florida 322550.

190. That the plaintiff, HARVEY BOLTON, was granted intermittent FMLA starting on October 7, 2005 due to his own serious medical condition.

191. That on December 21, 2005 the defendants, CSX, cited the plaintiff, HARVEY BOLTON, for claiming FMLA sick time on October 6, 2005; October 13, 2005; October 19, 2005; October 20, 2005; October 24, 2005; October 27, 2005; November 16, 2005; November 17, 2005; December 1, 2005 and December 8, 2005.

192. Defendants, CSX required the plaintiff, HARVEY BOLTON, to re-certify his FMLA benefits, alleging that the plaintiff, HARVEY BOLTON'S, previous FMLA form did not allow for this type of leave.

193. That one March 17, 2006, the plaintiff, HARVEY BOLTON'S, healthcare provider confirmed that the absences were consistent with his medical condition.

194. The plaintiff, HARVEY BOLTON, was in fact authorized to use FMLA time in this manner, for time relating to the treatment of his serious medical condition and for episodes arising from this condition.


Plaintiff Charisee Bell

195. That the plaintiff, CHARISSE BELL adopts paragraphs 51 through 57 and 102 through 105 above.

196. That the plaintiff, CHARISSE BELL, was granted intermittent FMLA starting on July 8, 2004 due to her own serious medical condition.

197. That on March 1, 2005 the defendants, CSX, cited the plaintiff, CHARISSE BELL, for claiming FMLA sick time 24 times between July 24, 2004 and February 20, 2005.

198. Defendants, CSX required the plaintiff, CHARISSE BELL, to re-certify her FMLA benefits, alleging that the plaintiff, CHARISSE BELL'S, previous FMLA form did not allow for this type of leave.

199. That on March 16 2005 the plaintiff, CHARISSE BELL'S, healthcare provider, Dr. Papangan, confirmed that these absences were consistent with her medical condition

200. The plaintiff, CHARISSE BELL, was in fact authorized to use FMLA time in this manner, for time relating to the treatment of her serious medical condition.


Plaintiff Oliver J. Cherry

201. That the plaintiff, OLIVER J. CHERRY, adopts paragraphs 106 through 110 above.

202. That the plaintiff, OLIVER J. CHERRY, was granted intermittent FMLA starting on November 14, 2003 due to his own serious medical condition.

203. That defendants, CSX, cited the plaintiff, OLIVER J. CHERRY, for claiming FMLA sick time on November 22, 2004; December 1, 2004; January 6, 2005; January 8, 2005; January 19, 2005; January 20, 2005; January 27, 2005; January 30, 2005; February 6, 2005; February 7, 2005; February 13, 2005.

204. Defendants, CSX required the plaintiff, OLIVER J. CHERRY, to re-certify his FMLA benefits, alleging that the plaintiff, OLIVER J. CHERRY'S, previous FMLA form did not allow for this type of leave.

205. The plaintiff, OLIVER J. CHERRY, was in fact authorized to use FMLA time in this manner, for time relating to the treatment of his serious medical condition.

206. That defendants, CSX, cited the plaintiff, OLIVER J. CHERRY, for claiming FMLA sick time on November 22, 2004; December 1, 2004; January 6, 2005; January 8, 2005; January 19, 2005; January 20, 2005; January 27, 2005; January 30, 2005; February 6, 2005; February 7, 2005; February 13, 2005; March 23, 2005; April 6, 2005; April 27, 2005; May 18, 2005; June 14, 2005; July 20, 2005; August 5, 2005; August 9, 2005; August 10, 2005; August 19, 2005; August 20, 2005; September 5, 2005

207. Defendants, CSX required the plaintiff, OLIVER J. CHERRY, to re-certify his FMLA benefits, alleging that the plaintiff, OLIVER J. CHERRY'S, previous FMLA form did not allow for this type of leave.

208. The plaintiff, OLIVER J. CHERRY, was in fact authorized to use FMLA time in this manner, for time relating to the treatment of his serious medical condition and for episodes relating to his serious medical condition.


Plaintiff Juliet Christie

209. That the plaintiff, JULIET CHRISTIE, adopts paragraphs 58 through 62 above.

210. That the defendants, CSX, cited the plaintiff, JULIET CHRISTIE, for claiming FMLA sick time forty-one times in seven months.

211.    Defendants, CSX required the plaintiff, JULIET CHRISTIE, to re-certify her FMLA benefits, alleging that the plaintiff, JULIET CHRISTIE, previous FMLA form did not allow for this type of leave.

212.    The plaintiff, JULIET CHRISTIE, was in fact authorized to use FMLA time in this manner, for episodes and weekly office visits.

Plaintiff David Futch

213.    That at all times relevant herein, the plaintiff, DAVID FUTCH, was an employee of the defendants, CSX.

214.    That at all times relevant herein, the plaintiff, DAVID FUTCH, was and individual residing at 697 Remington Forrest Drive, Switzerland, Fl. 32259

215.    That the plaintiff, DAVID FUTCH was granted intermittent FMLA starting on January 14, 2005 due to his own serious medical condition.

216.    That on May 17, 2005 the defendants, CSX, cited the plaintiff, DAVID FUTCH, for claiming FMLA sick time on February 19, 2005; February 20, 2005; February 26, 2005; March 6, 2005; March 17, 2005; March 18, 2005; April 3, 2005; April 4, 2005; April 6, 2005; April 12, 2005; April 23, 2005; April 30, 2005; May 1, 2005 and May 9, 2005.

217.    Defendants, CSX, required the plaintiff, DAVID FUTCH, to re-certify his FMLA benefits, alleging that the plaintiff, DAVID FUTCH'S, previous FMLA form did not allow for this type of leave.

218.    That on May 25, 2005, the plaintiff, DAVID FUTCH'S, doctor, Anthony Nioso, confirmed that these absences were consistent with the plaintiff, DAVID FUTCH'S health condition.

219.    That on September 16, 2005 the defendants, CSX, cited the plaintiff, DAVID FUTCH for claiming FMLA sick time on February 19, 2005; February 20, 2005; February 26, 2005; March 6, 2005; March 17, 2005; March 18, 2005; April 3, 2005; April 4, 2005; April 6, 2005; April 12, 2005; April 25, 2005; April 30, 2005; May 1, 2005; May 9, 2005; May 16, 2005; June 6, 20050; July 11, 2005; July 23, 2005 and July 24, 2005

220.    defendants, CSX, required the plaintiff, DAVID FUTCH, to re-certify his FMLA benefits, alleging that the plaintiff, DAVID FUTCH'S, previous FMLA form did not allow for this type of leave, despite his physician confirming 13 of the 22 dates in the previous re-certification.

221.    That on October 26, 2005 the plaintiff, DAVID FUTCH'S, doctor, Anthony Nioso, confirmed that these absences were consistent with the plaintiff, DAVID FUTCH'S health condition.

222.    The plaintiff, DAVID FUTCH, was in fact authorized to use FMLA time in this manner, for time relating to the treatment of his serious medical condition, for episodes arising from this condition and for follow-up office visits.

223.    That the defendants, CSX, improperly managed the plaintiff's FMLA sick time, as the dates absent on the two letters differ.

Plaintiff Clarita Garden

224.  That at all times relevant herein, the plaintiff, CLARITA GARDEN, was an
      employee of the defendants, CSX.

225.  That at all times relevant herein, the plaintiff, CLARITA GARDEN, was an
      individual residing at 602 7th Avenue North, Jacksonville, Florida 32250.

226.  That the plaintiff, CLARITA GARDEN, was granted intermittent FMLA starting
      on January 23, 2006 due to her own serious medical condition.

227.  That defendants, CSX, cited the plaintiff, CLARITA GARDEN, for claiming
      FMLA sick time on December 24, 2005; December 27, 2005; December 28,
      2005; December 31, 2005 and February 26, 2006.

228.  Defendants, CSX required the plaintiff, CLARITA GARDEN, to re-certify her
      FMLA benefits, alleging that the plaintiff, CLARITA GARDEN'S, previous
      FMLA form did not allow for this type of leave.

229.  The plaintiff, CLARITA GARDEN, was in fact authorized to use FMLA time in
      this manner, for time relating to the treatment of her serious medical condition,
      for episodes arising from this condition and an eight hour workday restriction.


Plaintiff John Garden

230.  That the plaintiff, JOHN GARDEN, adopts the paragraphs 111 through 115
      above.

231.  That the plaintiff, JOHN GARDEN, was granted intermittent FMLA consistently
      starting on June 19, 2000 due to his own serious medical condition.