**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL ANDREWS, etc., et al.,

    Plaintiffs,

v.                                                                          Case No. 3:06-cv-704-J-32HTS

CSX TRANSPORTATION, INC., et al.,

    Defendants.

## **ORDER**[1]

This case is before the Court on Defendants CSX Transportation, Inc., CSX Intermodal, Inc. and CSX Corporation's Motion to Dismiss Certain Claims in Plaintiffs' Second Amended Complaint "A" With Prejudice (Doc. 52) and Defendants' Motion to Dismiss Certain Claims in Plaintiffs' Second Amended Complaint "B" With Prejudice. (Doc. 54.)  Plaintiffs' filed Memorandums in Opposition to both motions. (Docs. 56, 57.)

### I.    APPLICABLE STANDARD

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Castro v. Secretary of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006);  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

---

[1]  Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-1965 (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

**II.    BACKGROUND**

This is a putative class action under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. This suit was originally styled as a nine count complaint with fifty-two named plaintiffs. (Docs. 1, 27.) Defendants CSX Transportation, Inc., CSX Intermodal, Inc. and CSX Corporation (collectively "CSX") moved to dismiss substantial portions of plaintiffs' First Amended Complaint.[2] After a hearing on the

---

[2] In this Order, the Court does not differentiate CSX Transportation, Inc., CSX Intermodal, Inc. and CSX Corporation, but instead opts to lump them together as "CSX"

motion to dismiss, (Doc. 44), and upon order of the Court (Doc. 48), plaintiffs amended their complaint a second time, separating the original allegations into two separate complaints, "A" and "B."[3] The three counts in Second Amended Complaint "A" are styled as follows: (1) Discipline/Termination under Absenteeism Policy; (2) Termination/Discipline under False Pretenses and Subterfuge; and (3) Discipline for Failure to Protect Assignment. (Doc. 50). The five counts in Second Amended Complaint "B" are styled as follows: (1) 8 hours Medical Restrictions; (2) Re-Certification; (3) Office Visits Only; (4) Second and Third Opinions; and (5) Miscalculation of the Hours based upon Normal or Average Workweek. (Doc. 51.) CSX has moved to dismiss portions of both complaints, (Docs. 52, 54), and answered the allegations in those portions not subject to the motion to dismiss. (Docs. 53, 54).

## III. DISCUSSION

### A. General FMLA Standards

There are two types of claims under the FMLA: (1) interference, where the employer burdens or denies a substantive statutory right to which the employee is entitled and (2) retaliation, where the employer discharges or otherwise discriminates against an employee for invoking rights under the Act. 29 U.S.C. § 2615(a)(1) & (2);

---

since all defendants move to dismiss on the same grounds. Should this case proceed to later stages, the Court will differentiate among the three employers as appropriate.

[3] As discussed at the hearing on the motion to dismiss, Count IX of the First Amended Complaint (which alleged willful FMLA violations) was not a true cause of action. Accordingly, the plaintiffs have reduced their combined Second Amended Complaint to only include eight counts.

O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1352 (11th Cir. 2000).[4] As to interference claims, "[a]mong the substantive rights granted by the FMLA to eligible employees are the right to 12 workweeks of leave during any 12-month period ... [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee, 29 U.S.C. § 2612(a)(1), and the right following leave to be restored by the employer to the position of employment held by the employee when the leave commenced or to an equivalent position." Drago v. Jenne, 453 F.3d 1301, 1305-1306 (11th Cir. 2006) (citation and quotation omitted). The plaintiff must demonstrate that she was entitled to a benefit under the Act that she was denied. Id. at 1306 (citation omitted).

To state a FMLA retaliation claim, the employee must show that (1) she engaged in a protected activity, (2) the employer discharged her or took some other adverse employment action against her and (3) there is a causal link between the protected activity and the adverse action. Id. at 1307 (citing Strickland v. Water Works and Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1207 (11th Cir. 2001)). A plaintiff bringing a retaliation claim must show that his employer's actions "were motivated by an impermissible retaliatory or discriminatory animus." Strickland, 239 F.3d at 1207 (quoting King v. Preferred Technical Group, 166 F.3d 887, 891 (7th Cir. 1999)).

---

[4] While the FMLA does not specifically label them as "interference" or "retaliation" claims, Eleventh Circuit precedent has adopted these designations to classify a plaintiff's FMLA claim. O'Connor, 200 F.3d at 1352.

### B. Specific Counts in Second Amended Complaint A

#### 1. Count I - Discipline under Absenteeism Policy as to Anita Humphrey

The three named plaintiffs in Count I (Michael Andrews, Anita Humphrey and Tracey Thompson) allege that CSX either terminated or disciplined them pursuant to its own absenteeism policy in violation of the FMLA.  CSX seeks to dismiss Count I as to Anita Humphrey.  Humphrey alleges that CSX charged her for excessive absenteeism but later "cancelled any formal investigation for the above charge" and further alleges that "[the] charge is materially adverse and has not been cleared from the plaintiff Humphrey's disciplinary record, and thereby subjecting her to defendant's progressive discipline policy due to this charge. . . . That . . . Humphrey was brought up on formal charges is a violation of the Family Medical Leave Act, and that the defendant used this charge as an intimidation tactic to interfere with, restrain and dissuade [her] from further use of the [FMLA] ."  (Doc. 50 ¶¶ 42-46).  CSX's position is that these allegations do not state either a FMLA interference or retaliation claim. Insofar as Humphrey asserts an interference claim under § 2615(a), the Court agrees with CSX that Humphrey has not identified a discrete FMLA right that CSX has interfered with.  Whether a disciplinary note remains in one's file for conduct that one was absolved of does not rise to the level of an interference claim.  See Drago, 453 F.3d at 1306.

On the other hand, the Court finds that Humphrey has pled the minimum facts

necessary for a FMLA retaliation claim to survive a motion to dismiss. The Supreme Court recently held in the context of Title VII that the challenged action in a retaliation case must be "materially adverse," meaning that it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2415 (2006). While the Eleventh Circuit has yet to hold that the standard applies in FMLA suits, other Court have so held. See e.g. Metzler v. Fed. Home Bank of Topeka, 464 F.3d 1164, 1171 n. 2 (10th Cir. 2006). On the current record, the Court cannot say that the claims alleged by Humphrey are insufficient to allege retaliation. A charge of excessive absenteeism arising from absences properly taken under the FMLA might well dissuade a reasonable worker from exercising their rights under the FMLA; this is all that is required under the White standard to state an actionable retaliation claim. White, 126 S.Ct. at 2415. Where, as here, the charge was brought, an investigation begun and then later cancelled, the materiality of that charge and its impact upon a reasonable person will depend upon facts and circumstances that are not yet before the Court. Thus, Defendants' motion to dismiss Count I (as framed) will be denied.

### 2.   Count II - False Pretenses as to Charisse R. Bell

Plaintiff Charisse Bell alleges that CSX cited her for taking intermittent FMLA leave under false pretenses on six occasions in May 2005 and that CSX subsequently declined to prosecute the charge. (Doc. 50 ¶¶ 85-91). Bell further alleges that she "seeks an expungement of this and all other charges relating to her FMLA time from

her employment and disciplinary records." (Id. at ¶ 88).  While Bell pleads this claim as both an interference and retaliation claim under § 2615(a), Bell addresses this claim solely as a retaliation claim.  To the extent Bell still pursues a FMLA interference claim, the Court agrees with CSX that Bell has not identified a discrete FMLA right that CSX has interfered with.  Whether a disciplinary note remains in one's file for conduct that one was absolved of does not rise to the level of an interference claim. See Drago, 453 F.3d at 1306.  However, Bell's retaliation claim survives Defendants' motion to dismiss for the same reasons as Humphrey's claim in Count I.  Thus, Defendant's motion to dismiss Count II will be denied.

### C. Specific claims in Second Amended Complaint B

#### 1. Count I - 8 Hour Medical Restrictions

Charisse Bell asserts that CSX violated the FMLA by (1) requiring her to use her FMLA leave for required overtime hours so that she could maintain an 8 hour per day schedule and (2) failing to properly calculate Bell's workweek, thus depriving her of leave. (Doc. 51 ¶¶ 23-45.)  CSX posits that Bell fails to state an interference claim because she has not shown any denial of a FMLA protected right and that she has not suffered any economic damages for having to use FMLA leave to cover required overtime.  In the response, Bell states that "[d]efendants again confuse the denial of an FMLA benefit with a retaliation claim." (Doc. 56 at 6).  Bell goes on to explain that CSX initiated this mandatory overtime requirement to force employees to use FMLA leave in order to exhaust it faster and that CSX failed to calculate the proper length

of the workweek that should correspond to such required overtime. See 29 C.F.R. 825.205(d).[5]

The complaint does not clearly state whether Bell intends to pursue this claim as one for interference, retaliation or both. From the allegations, the Court understands this claim to be primarily an interference claim. Under that theory, Bell has sufficiently alleged that CSX has systematically failed to properly calculate her FMLA entitlement based on her fluctuating workweeks, thus denying FMLA leave when it should not have and instituted this systematic practice as a method to deter FMLA use. Under Bell Atlantic, Bell has pled sufficient facts to proceed on Count I.

### 2. Count III - Office Visits Only

Debra Hodge alleges that CSX only granted her FMLA leave to attend physician appointments when her certification clearly stated that she was only allowed to work less than a full schedule and that FMLA leave was thus required for purposes other than going to physician appointments. (Doc. 51 ¶¶ 84-89.) While Hodge styles this as both an interference and a retaliation claim, the allegations center entirely around an interference theory. Count III is devoid of allegations as to the precise adverse employment action and that such actions were taken because employees invoked FMLA rights. CSX further asserts that Hodge's claim fails because she has not pleaded any legally cognizable economic harm. While it is unclear whether

---

[5] 29 C.F.R. § 825.205(d) provides "[i]f an employee's schedule varies from week to week, a weekly average of the hours worked over the 12 weeks prior to the beginning of the leave period would be used for calculating the employee's normal workweek."

-8-

Hodge has suffered such harm under 29 U.S.C. § 2617(a)(1)(A) & (B), viewing the allegation as true, Hodge has pled enough to proceed on an interference theory and to seek injunctive relief.

### 3. Count V - Miscalculation of the average workweek

Harvey Bolton alleges that CSX deprived him of FMLA leave pursuant to 29 C.F.R. § 825.205(d) because CSX failed to make the necessary conversion from workweeks to hours for Bolton's intermittent FMLA leave and, further, to make a proper calculation of Bolton's available leave hours based on his workweek being in excess of forty hours. (Doc. 51 ¶¶ 115-118.) Similar to Count III, Bolton has pled sufficient facts under an interference theory to proceed to determine whether any such denial occurred and, consequently, whether Bolton is entitled to any damages and/or prospective injunctive relief.

Accordingly, limiting plaintiffs' allegations as framed by the Court in this Order, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss Certain Claims in Plaintiff's Second Amended Complaint "A" (Doc. 52) is **DENIED**.

2. Defendants' Motion to Dismiss Certain Claims in Plaintiff's Second Amended Complaint "B" (Doc. 54) is **DENIED**.

3. No later than **February 28, 2008**, Defendants should file amended answers to both complaints consistent with this Order.

4. No later than **March 7, 2008** the parties shall submit a joint statement addressing how the case should proceed and an appropriate schedule for those proceedings.  As part of that joint statement, the parties shall inform the Court if an early settlement conference with the magistrate judge would be helpful.  If the parties cannot agree on a joint statement, separate statements may be filed.

5. This case is **SET** for a telephone status conference **March 17, 2008 at 2:00 p.m.**  Counsel for plaintiffs shall initiate the telephone conference call by calling counsel for Defendants and then calling the Court's polycom telephone line, (904) 549-1949.[6]

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of February, 2008.

**TIMOTHY J. CORRIGAN**
United States District Judge

jcd
Copies:
counsel of record

---

[6] To maximize the quality of the audio-connection, counsel are requested not to use cell phones or speaker phones during the hearing.