**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL ANDREWS, etc., et al.,

    Plaintiffs,

v.                              Case No. 3:06-cv-704-J-32HTS

CSX TRANSPORTATION, INC., et al.,

    Defendants.

## ORDER[1]

This case is before the Court on plaintiffs Charisse Bell, Harvey Bolton, Leonard Platt and Staphenia Simmon's Motion to Certify Class (Doc. 78) and defendants CSX Transportation, Inc., CSX Intermodal Inc., and CSX Corporation's Response. (Doc. 82.) The Court heard oral argument on the motion December 11, 2008, the record of which is incorporated by reference. (Doc. 99.)

**I.   Background**

This is a putative class action under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. This suit was originally styled as a nine count complaint with fifty-two named plaintiffs. (Docs. 1, 27.) Defendants CSX Transportation, Inc., CSX Intermodal, Inc. and CSX Corporation (collectively "CSX") moved to dismiss

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

substantial portions of plaintiffs' First Amended Complaint.[2]  After a hearing on the motion to dismiss, (Doc. 44), and upon order of the Court (Doc. 49), plaintiffs amended their complaint a second time, separating the original allegations into two separate complaints, "A" and "B."  Defendants filed, and the Court denied, motions to dismiss as to both complaints.  (Docs. 52, 54, 58.)  Plaintiffs have now moved to certify a class based on the claims in Second Amended Complaint "B."  The five counts in that complaint are styled as follows: (1) 8 hours Medical Restrictions; (2) Re-Certification; (3) Office Visits Only; (4) Second and Third Opinions; and (5) Miscalculation of the Eligible Hours based upon Normal or Average Workweek.  (Doc. 51.)  Based on the allegations in those claims, plaintiffs originally sought to certify five classes.  (Doc. 78.)  However at the hearing on plaintiffs' motion for class certification, plaintiffs amended their request and stated that only two of the original five classes should be certified.  (Doc 100 at 19.)  The proposed definitions for those classes are:

> B. Recertification
> All current or former CSX employees who, within the applicable limitations period were required to obtain re-certification at the employee's expense, within the twelve month period where the healthcare provider set forth a minimum period of time in the medical certification.
>
> E. Miscalculation of Eligible Hours
> All current or former CSX employees who, within the applicable limitations period, have exercised rights under the FMLA where defendants have miscalculated the eligible numbers of hours under intermittent leave and worked in excess of forty hours per week.

---

[2] In this Order, the Court does not differentiate CSX Transportation, Inc., CSX Intermodal, Inc. and CSX Corporation, but instead opts to refer to them together as "CSX." The Court will differentiate among the three employers as appropriate.

(Doc. 51 ¶ 15; Doc. 78.)

## II.     Legal Standard

"The initial burden of proof to establish the propriety of class certification rests with the advocate of the class."  Rustein v. Avis Rent-A-Car Systems, Inc., 211 F.3d 1228, 1233 (11th Cir. 2000).  Two prerequisites must be satisfied to meet that burden. "First, there must be an individual plaintiff with a cognizable claim, that is, an individual who has constitutional standing . . . ." See Griffin v. Dugger, 823 F.2d 1476, 1482 (11th Cir. 1987).  "Only after the court determines the issues for which the named plaintiffs have standing should it address the question whether [they] have representative capacity, as defined by Rule 23(a), to assert the rights of others."  Id.

Second, the requirements of Rule 23, Federal Rules of Civil Procedure, must be satisfied.  "A class action may be maintained only when it satisfies all the requirements of Fed. R. Civ. P. 23(a) and at least one of the alternative requirements of Rule 23(b). See Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1005 (11th Cir. 1997) (footnotes omitted).  In relevant part, Rule 23(a) and (b) provides as follows:

> (a) **Prerequisites to a Class Action.**  One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

> (b) **Class Actions Maintainable.**  An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> . . .
>
>> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>>
>> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23. While the merits of plaintiffs' claims are not an issue before the Court at the class certification stage, "evidence pertaining to the requirements embodied in Rule 23 is often intertwined with the merits, making it impossible to meaningfully address the Rule 23 criteria without at least touching on the 'merits' of the litigation." Cooper, 390 F.3d at 712.

### III. Discussion

#### a. Standing

Defendants contend that plaintiffs do not have standing to assert either of the counts contained in Second Amended Complaint "B" for which class certification is sought. Defendants assert that the representative for the "Miscalculation of Hours" claim lacks standing because he neither suffered a compensable injury nor presented sufficient evidence of a continuing violation to support injunctive relief. (Doc. 82 at 8.)

-4-

Defendants also contend that the representative for the "Recertification" claim lacks standing, though the justification for that assertion is not as clear. See id. Plaintiffs did not address the issue of standing in their motion.

For the moment, it appears that plaintiffs have standing to pursue their claims. The Second Amended Complaint "B" avers actual (albeit nominal) economic damages as to the class representative for the "Recertification" claim. See Doc. 51 ¶ 69. As to the "Miscalculation of Hours" claim, plaintiffs aver that defendants' conduct continues to violate the FMLA. Id. ¶ 118.[3] While the veracity of these allegations may be challenged at the summary judgment stage, the Court finds that plaintiffs have standing to assert their claims for the purposes of class certification.

### b. Rule 23 Analysis[4]

The Court will walk through parts of the Rule 23 analysis as it applies to the

---

[3] At the hearing on plaintiffs' motion to certify the class, plaintiffs admitted that there is some evidence that defendants have ceased the practice of calculating employees hours in the way plaintiffs alleged violated the FMLA. While implicating standing, this evidence would also implicate the propriety of certifying a class pursuant to 23(b)(2). However, the Court will leave this issue for another day because of the other deficiencies in plaintiffs' motion to certify the class.

[4] At the hearing on defendants' motion to dismiss, the parties spent significant time discussing whether these class-based FMLA claims should proceed as an opt-in collective action under 29 U.S.C. § 216(b). See e.g. Clary v. Southwest Airlines, No. 3:07-CV-0126-P, 2007 WL 4947690 (N.D. Tex. Dec. 17, 2007) (holding that FLMA class action should proceed as an opt-in because FLMA enforcement scheme is modeled after the Fair Labor Standards Act); cf. Butler v. Ill. Bell Tel. Co., No. 06 C 5400, 2008 WL 474367 (N.D. Ill. Feb. 14, 2008) (analyzing FLMA class issues under Rule 23). While defendants mentioned this possibility in its response to this motion, it did not advocate for such a result. Plaintiffs seek to proceed under Rule 23 and for purposes of this motion the Court will assume that Rule 23 governs FMLA class actions.

facts of this case, specifically numerosity, commonality and typicality. However, that more detailed analysis should not obscure a more general truth; class certification is inappropriate here because of a failure of proof. Plaintiffs have the burden of proving that the prerequisites of Rule 23(a) are satisfied and that class certification is appropriate under one of the subsections of Rule 23(b). See Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 456 (11th Cir. 1996); Gilchrist v. Bolger, 733 F.2d 1551, 1556 (11th Cir. 1984); see also Nelson v. U.S. Steel Corp., 709 F.2d 675, 679 (11th Cir. 1983) (affirming district court's denial of class certification where plaintiff did not "show that the proof or legal arguments involved in her claims and the class claims would be overlapping so that, rather than degenerating into a series of mini-trials, a class suit would advance Rule 23's goal of judicial economy."). Plaintiffs have not established that the requirements of Rule 23 are met in this case. Plaintiffs conducted no class discovery prior to submitting their motion to certify. In support of the motion, plaintiffs attached only depositions from an unrelated case. Other than the bare allegations of the complaint, plaintiffs submit no proof that defendants had an FMLA policy that it applied systemwide. For these reasons, in addition to the comments the Court made on the record at the hearing on the motion for class certification, plaintiffs have failed to demonstrate entitlement to class certification.

### i. Numerosity

The numerosity requirement of Rule 23(a)(1) is satisfied if "the class is so numerous that joinder of all members is impracticable." "Although mere numbers are

not dispositive, the Eleventh Circuit's general rule is that 'less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.'" See Kuehn v. Cadle Co., Inc., 245 F.R.D. 545, 548 (M.D. Fla. 2007) (quoting Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986)). "[A] plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." See Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030, 1039 (5th Cir. July 1981); see also Silva-Arriaga v. Texas Express, Inc., 222 F.R.D. 684, 688 (M.D. Fla. 2004) (citing Kilgo, 789 F.2d at 878).

Plaintiffs contend that they clearly meet the numerosity requirement for the two classes under Second Amended Complaint "B." In support, plaintiffs submit partial transcripts of the depositions of two CSX management officials, Andrea Mateer and Jolanda Johnson (Dove), to establish that defendants consistently average approximately 3,000 employees on FMLA leave out of 32,000 total employees. (Dove Dep. at 29). Plaintiffs assert that the total number of employees approved for FMLA leave, combined with the claims of the named class representatives, establish numerosity.

Defendants disagree. First, defendants point out that neither of the classes meet the Eleventh Circuit's numerical "rule of thumb" based on the number of plaintiffs in the amended complaint. Standing alone, that is true. Based solely on the number of named plaintiffs currently in this lawsuit, the "Recertification" class would have 28 members and the "Miscalculation of Hours" class would have one member. See Doc.

78 at 11, 16-17.  Neither of these classes exceed the 40-member threshold cited by the Eleventh Circuit as "adequate," and the "Miscalculation of Hours" class falls far short of the 21-member threshold found by the Eleventh Circuit to be "inadequate."  See Kuehn, 245 F.R.D. at 548.  Second, defendants argue that plaintiff's reliance on the 3000 CSX employees approved for FMLA leave is inappropriate to establish numerosity because that number does not provide a reasonable estimate of class size.

The Court finds that plaintiffs have failed to establish that the putative classes in Second Amended Complaint "B" are so numerous that joinder is impracticable.  The total number of CSX employees approved for FMLA leave is a fatally imprecise metric to estimate the size of either of the putative classes.  This is not a case where defendants instituted an FMLA policy that would automatically affect every employee that requested FMLA leave.  For instance, to qualify for the "Recertification" class, the employee must establish that he or she had been approved for FMLA leave and that (1) the certifying healthcare provider cited a minimum time where the condition would apply; (2) the employee was required to seek recertification by defendants; and (3) that recertification was at the employee's expense.  Plaintiffs have not given the Court any basis to estimate what percentage of the average 3000 employees approved for FMLA leave might fit into this class.  The same is true for the "Miscalculation of Hours" class; besides citing the total number of CSX employees approved for FMLA leave, plaintiffs have not provided an estimate of how many CSX employees would fit in the

class. Simply citing the number of CSX employees who could potentially qualify as a class member by virtue of being approved for FMLA leave is insufficient to establish numerosity. See e.g. Sandoval v. City of Chicago, No. 07 C 2835, 2007 WL 3087136, *4 (N.D. Ill Oct. 18, 2007) (finding in a discrimination case that plaintiffs failed to establish numerosity by citing total number of defendants' employees who were members of the protected class because plaintiffs "must establish the number of individuals described by their class definition.").

Additionally, it is not apparent that there are any other factors that would make joinder impracticable. "Practicability of joinder depends on many factors, including, for example, the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." See Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 878 (11th Cir. 1986). Plaintiffs have neither cited nor relied upon any factor to establish numerosity other than their imprecise estimate of class size. However, unlike many putative class actions, it should be relatively easy to identify class members in this case. This is because the class universe is limited to CSX employees who were approved for FMLA leave within the applicable limitations period (a relatively small subset of all CSX employees). With proper discovery, it should be straightforward to whittle down that number to individuals who have been potentially impacted by the plaintiffs' allegations. "Where the identities and addresses of the proposed class members are easily ascertainable, the practicability of joinder is increased." See Association Cas.

Ins. Co. v. Allstate Ins. Co., No. 3:07cv525KS-JCS, 2008 WL 2954977, *6 (S.D. Miss. July 29, 2008) (citing Garcia v. Gloor, 618 F.2d 264, 267 (5th Cir. 1980)). Additionally, plaintiffs have not asserted that the putative class is geographically dispersed. A cursory review of the complaint appears to show that every named plaintiff in this case works at CSX headquarters in Jacksonville, Florida. See generally Doc. 1. This fact weighs heavily in favor of joinder. See Bordais v. City of New Orleans, No. Civ.A. 99-1434, 1999 WL 729249, *9 (E.D. La. Sept. 15, 1999) (finding joinder practicable where all potential class members "reside in New Orleans, work or worked at the same place . . . and their identities and addresses are either presently known or easily discoverable.").

Weighing all the relevant factors, the Court finds that joinder is not impracticable and plaintiffs cannot establish the numerosity requirement of Rule 23(a)(1). Accordingly, the Court need not address the other 23(a) factors. Nevertheless, even if the Court were to assume arguendo that numerosity was satisfied, plaintiffs cannot establish commonality or typicality under 23(a)(2) and 23(a)(3). For the sake of completeness the Court will briefly discuss why the proof on those grounds is also insufficient to establish the requirements of Rule 23.

### ii. Commonality and Typicality

"The typicality and commonality requirements are distinct but interrelated, as the Supreme Court has made clear:

> The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the

> particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."

Cooper, 390 F.3d at 713 (quoting Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 157 n. 13 (1982). "Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1287 (11th Cir. 2001). "[T]he commonality requirement measures the extent to which all members of a putative class have similar claims." Cooper, 390 F.3d at 714. "Under the Rule 23(a)(2) commonality requirement, a class action must involve issues that are susceptible to class-wide proof." Murray v. Auslander, 244 F.3d 807, 811 (11th Cir. 2001). The difference between the two is that "[t]he commonality element refers to the class characteristics as a whole, whereas the typicality requirement concerns the individual characteristics of the class members in relation to the class." Perez, 218 F.R.D. at 270.

Plaintiffs have failed to establish commonality and typicality. The Court is mindful that "[t]he threshold for commonality is not high . . . . [and f]actual differences between class members do not necessarily preclude a finding of commonality." Leszcynski v. Allianz Ins., 176 F.R.D. 659, 671 (S.D. Fla. 1997) (citations omitted). "The requirement is met if the questions linking the class members are substantially related to the resolution of the litigation even though the individuals are not identically situated." Collins v. Int'l Dairy Queen, Inc., 168 F.R.D. 668, 673-74 (M.D. Ga. 1996).

In this case, the common questions that link the class together are almost wholly unrelated to the resolution of the litigation. Whether an individual plaintiff under either of the relevant claims in Second Amended Complaint "B" is entitled to prevail on the merits of his or her claim will depend entirely on individualized facts that are not susceptible to class-wide proof. While plaintiffs have alleged that defendants' conduct in administering leave violated the FLMA, establishing the truth of those allegations rests on questions of fact particular to each individual class member. For example, plaintiffs' "Recertification" claim alleges that defendants improperly sought recertification of a qualifying FMLA medical condition when the medical provider specified a minimum duration. That conduct would potentially violate 29 C.F.R. § 825.308(b)(1). However, recertification can be sought prior to the expiration of a specified duration if "(1) The employee requests an extension of leave; (2) Circumstances described by the previous certification have changed significantly (e.g., the duration of the illness, the nature of the illness, complications); or (3) The employer receives information that casts doubt upon the continuing validity of the certification." 29 C.F.R. § 825.308(c)(1-3). Whether defendants were allowed under the FMLA regulations to require a class member to recertify their entitlement to FMLA leave depends on the specific individualized facts of that case. Any efficiencies gained through Rule 23 would be quickly defeated upon an attempt to determine whether defendants' conduct was improper under the individual circumstances.[5]

---

[5] This is not to say that the claims of the named plaintiffs are improperly joined.

Although the Court can imagine a common thread running through plaintiffs' "Miscalculation of Hours" class, plaintiffs have not established typicality by showing that the claims of the class representative for that claim are typical of the claims of the class as a whole. "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Falcon, 457 U.S. at 156. In the "Miscalculation of Hours" claim, plaintiffs assert that defendants were not accounting for overtime when calculating the number of hours available for FMLA intermittent leave. However, it is unclear whether the lone class representative for this claim, Harvey Bolton, worked more than 40 hours per week prior to taking FMLA leave. (Bolton Dep. 24:7-12, August 13, 2008.) Additionally, Bolton has had a regular work schedule since 2005 of five eight-hour shifts per week. (Id. at 9-11.) It is true that this evidence is based on Bolton's partial deposition transcript provided by defendants in support of their opposition to class certification. However defendants do not have the burden of establishing typicality and beyond the averments of the complaint and assertions at oral arguments, the Court has before it no evidence to rebut defendants' evidence.

Plaintiffs cannot establish commonality and typicality as to either of the claims.[6]

---

[6] Even if plaintiffs were able to satisfy the requirements of 23(a), these classes could not be certified pursuant to 23(b)(3). The 23(b)(3) predominance requirement is much more stringent than the "commonality" prerequisite of 23(a)(2). See Jackson, 130 F.3d at 1005. "That common questions of law or fact predominate over individualized questions means that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'" Rutstein, 211 F.3d at 1233. Plaintiffs cannot meet this test.

### III. Conclusion

Plaintiffs have not established that their claims in Second Amended Complaint "B" meet the requirements of Rule 23(a). By failing to provide any reasonable estimate of how many members each class might have, plaintiffs failed to show that the putative classes were too numerous to make joinder impracticable. Additionally, plaintiffs failed to establish the commonality and typicality requirements of Rule 23. In the alternative, plaintiffs have not shown that class certification is appropriate under 23(b)(2) or 23(b)(3). Class treatment is simply not appropriate for these claims. Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Certify Class (Doc. 78) is **DENIED**.

2. The Court takes judicial notice of the fact that plaintiffs did not move to certify a class as to Second Amended Complaint "A" by the deadline. The parties should continue to meet the other deadlines set forth in the Court's Case Management and Scheduling Order. (Doc. 66.)

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of January, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

jcd
Copies:
counsel of record