**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL ANDREWS, etc., et al.,

      Plaintiffs,

vs.                                                Case No. 3:06-cv-704-J-32TEM

CSX TRANSPORTATION, INC., et al.,

      Defendants.

_____

**ORDER**

Plaintiffs in this consolidated action bring claims under the Family Medical Leave Act ("FMLA"). 29 U.S.C. § 2601, *et seq.* (Doc. 50.) This Court considers the following motions for summary judgment filed by the defendants, (Docs. 135, 139, and 143), plaintiffs' responses (Docs. 173, 174, 179), defendant's Motion for Sanctions (Doc. 186) and plaintiff's response. (Doc. 187). This Order is a continuation of two earlier Orders addressing defendant's motions for summary judgment in this case. (Docs. 188, 196.) The legal rules and facts set forth in those Orders are incorporated into this Order and are not repeated here.

In its previous Order, this Court deferred ruling on the FMLA interference claims of plaintiffs Marcie Hoerig, Anita Humphrey, and Deanna Miller pending a hearing. At the November 15, 2010 hearing, the parties discussed, among other things, whether an employer can avoid liability under the FMLA by showing that it had an honest belief that the

employee was not using her leave for its intended purpose. (Doc. 203.)

"[T]o state a claim that his employer has interfered with a substantive FMLA right, a plaintiff need only demonstrate that he was entitled to but denied the right." Strickland v. Water Works and Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1208 (11th Cir. 2001). Under the FMLA, "any eligible employee who takes leave under [the Act] for the intended purpose of the leave [is] entitled" to be restored to her former position or a position with equivalent terms and conditions of employment. 29 U.S.C. § 2614(a)(1) (emphasis added). The FMLA, however, does not grant an employee "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." § 2614(a)(3).

An employer thus can defeat an interference claim by showing that the employee did not take her FMLA leave "for the intended purpose of the leave." Crouch v. Whirlpool Corp., 447 F.3d 984, 986 (7th Cir. 2006); see also Parker v. Verizon Pa., Inc., 309 F. App'x 551, 563 (3d Cir. 2009). As the Seventh Circuit has explained, "an employer is under no obligation to reinstate an employee who misuses disability leave." Crouch, 447 F.3d at 986.

Several circuit courts "have interpreted this to mean that an employer has not violated the FMLA if it refused to reinstate the employee based on an 'honest suspicion' that she was abusing her leave." Vail v. Raybestos Prods., 533 F.3d 904, 909 (7th Cir. 2008); accord Parker, 309 F. App'x at 563; Medley v. Polk Co., 260 F.3d 1202, 1207 (10th Cir. 2001).[1]

---

[1] Relying on the Sixth Circuit's decision in Smith v. Chrysler Corp., 155 F.3d 799, 806 (6th Cir. 1998), plaintiffs contend that an employer must demonstrate that its belief is also "reasonably based on particularized facts rather than on ignorance and mythology." This Court agrees that to be entitled to summary judgment on this issue the employer must

Although the Eleventh Circuit has not directly addressed this issue, a growing number of district courts within this circuit have adopted the honest belief rule. See Wu v. Se.-Atl. Beverage Corp., 321 F. Supp.2d 1317, 1341 (N.D. Ga. 2004); Williamson v. Parker Hannifin Corp., 208 F. Supp. 2d 1248, 1250 (N.D. Ala. 2002); Moughari v. Publix Super Markets, No. 4:97-cv-212-WS, 1998 WL 307454, at *2 (N.D. Fla. April 27, 1998), aff'd without published opinion, 170 F.3d 188 (11th Cir. 1999).[2]

This Court likewise holds that an employer that treats an employee's leave as unauthorized under the FLMA is not liable under the FMLA if it had an honest belief that the employee did not take her leave for the FMLA's intended purpose. An employer need only demonstrate that it had an honest belief because requiring proof that the employee actually abused her leave would be inconsistent with section 2614(a)(3), which states that the FMLA does not grant an employee any greater rights than she would possess had she not taken leave. As the Seventh Circuit has explained,

---

adduce undisputed and "particularized" facts concerning the basis for its "honest belief."

[2] Although some language in the Eleventh Circuit's decision in Strickland may appear, at first glance, to cast doubt on the honest belief rule, the court was discussing a separate issue. Strickland holds that an employee stating an interference claim "does not have to allege that his employer intended to deny the right; the employer's motives are irrelevant." 239 F.3d at 1208. In stating that "the employer's motives are irrelevant," Strickland addresses only situations in which the plaintiff has already demonstrated a denial of a right under the FMLA. Strickland thus merely holds that an employee who has demonstrated a denial of rights under the FMLA need not also prove intentional discrimination. Strickland, therefore, does not discuss whether an employer's motivations may be relevant to the court's determination of whether a violation occurred. In fact, Strickland suggests that an employer's motives can be taken into account when determining if a violation occurred by holding that an employer is not liable if it "can show that it refused to reinstate the employee for a reason wholly unrelated to the FMLA leave." Id. Moreover, the courts in Wu and Williamson applied the honest belief rule after the Eleventh Circuit's decision in Strickland.

3

> because [the employer] lawfully could have terminated [the employee] after suspecting she committed fraud while on duty, the company can discharge her after suspecting she committed fraud while on leave. If [the employer] had to prove more than an honest suspicion simply because [the employee] was on leave, she would be better off (and enjoy "greater rights") than similarly situated employees (suspected of fraud) who are not on leave. The statute and the regulations rule out that inequity.

Kariotis v. Navistar Int'l Transp. Co., 131 F.3d 672, 681 (7th Cir. 1997).

The question on a motion for summary judgment is thus whether the employer has demonstrated its "honest belief" as a matter of law or whether a genuine issue of fact remains, precluding summary judgment.

### A.     Marcie Hoerig

Plaintiff Marcie Hoerig was terminated by CSXT on April 11, 2006. The reason given by CSXT for her termination was that Hoerig was guilty of "conduct unbecoming an CSXT employee, insubordination, misusing FMLA leave, and abandoning her position during her regular shift on January 24, 2006." On that date, Hoerig marked off for FMLA leave immediately after being told by her supervisor to perform an additional task, telling her supervisor that it was "not part of her job," and becoming upset. (Docs. 135 at 5-6; 173 at 2-3; 136-2 at 7, 21, 23-26, 89.) At the time, Hoerig was approved for intermittent FMLA leave for back spasms and aches. (Docs. 135 at 4; 173 at 2.)

While Hoerig argues that her need to leave work on January 24, 2006, was related to her serious medical condition, CSXT contends that it had a honest belief that she was abusing her FMLA leave. Hoerig replies that CSXT's belief was not reasonable and thus should not be credited because CSXT has not conducted an investigation into the status of

4

her medical condition at the time she left work.  (Doc. 173 at 7.)

There is no genuine issue of fact regarding CSXT's honest belief that Hoerig misused her FMLA leave.  Before making its termination decision, CSXT held a formal hearing in which Hoerig participated with union representation.   (Doc. 136-1 at 28.).  At the hearing, Hoerig's supervisor testified that, on the date of the incident, Hoerig did not appear to be sick or in pain and that the conversation became heated when Hoerig was asked to perform the additional assignment. (Doc. 136-1 at 53.)    Moreover, CSXT's director of FMLA administration testified at the hearing that Hoerig's mark off for FMLA leave was not consistent with her approved FMLA condition.  (Id. at 57, 60, 69.)  Timothy Male, the CSXT employee responsible for the decision to discipline Hoerig, stated in his deposition that he believed Hoerig did not take her leave for its intended purpose because of the highly suspicious timing of her request.  (Doc. 154-1 at 11.)  Hoerig has offered no evidence to suggest that CSXT did not honestly believe that she was misusing her FMLA leave, and the circumstances strongly support the conclusion that she was.  Based on the evidence in the record, no reasonable juror could find that CSXT did not have an honest belief that Hoerig was using her FMLA leave for an improper purpose.

### B.    Anita Humphrey

Plaintiff Anita Humphrey contends that CSXT violated her rights under the FMLA by disciplining her with a 10-day suspension for charges arising from her decision to take FMLA leave on May 19, 2006.  (Doc. 174 at 1.)  On that date, Humphrey tested a bicycle in the CSXT parking lot during the middle of her shift, and a CSXT manager told her to stop riding the bicycle during working hours.  Immediately thereafter, Humphrey told her supervisor that

she was upset, did not feel well, and needed to go home. With her supervisor's permission, Humphrey then abruptly left work. On her way out she marked off her absence as FMLA leave. (Doc. 140-2 at 10-23.)

CSXT argues that it is not liable to Humphrey for interfering with her FMLA rights because it had an "honest belief" that she was not using FMLA leave for its intended purpose. Humphrey argues that she was exercising her protected FMLA rights because her medical condition was "exacerbated by stressful conditions." (Doc. 174 at 3.) She also argues that CSXT's alleged belief that she was misusing her FMLA leave should not be credited because CSXT "relied solely on the timing of the interaction, rather than examining any of the facts surrounding the mark-off." (Id. at 6.)

The Court finds that there is no material dispute of fact regarding CSXT's honest belief that Humphrey was not taking her FMLA leave for its intended purpose. Before deciding to discipline Humphrey, CSXT conducted an investigation and held a formal hearing, which Humphrey attended with union representation. (Docs. 139 at 7; Doc. 174 at 3.) The following evidence was presented at the hearing: Humphrey did not appear to be having health problems before the conversation with her supervisor regarding the bicycle; before deciding to leave work, Humphrey attempted to call a manager to complain about how her supervisor had handled the incident; Humphrey's medical certification did not list stress as part of her approved medical condition; and her physician had not indicated that stress could aggravate her condition. (Docs. 139 at 5-6, 8-9; 174 at 3; 140-2 at 48, 55.) Moreover, Humphrey did not present any evidence at the hearing indicating that a stressful event could exacerbate her medical condition. Based on this evidence, no reasonable juror could find

that CSXT did not have an honest belief that Humphrey was using FMLA leave for an improper purpose.

### C.     Deanna Miller

Plaintiff Deanna Miller, a crew dispatcher with CSXT, was terminated in April 2005 for her allegedly unauthorized use of FMLA leave in late December 2004 and early January 2005. (Doc. 179 at 5, 13.) Miller requested a packet of FMLA leave materials so that she could apply for FMLA leave on July 19, 2004. (Docs. 143 at 6; 179 at 3.) Pursuant to CSXT policy, Miller was conditionally approved for leave and was required to file a FMLA medical certification within 45 days.[3] It is undisputed that Miller did not submit a certification by September 6, 2004, the end of the required 45-day period. (Docs. 143 at 7; 179 at 4.)

Miller then took FMLA leave in late December 2004 and early January 2005. On January 18, 2005, CSXT charged Miller with using unapproved FMLA time due to her failure to submit the required medical certification. (Docs. 143 at 8; 179 at 5.) CSXT contends that it did not receive a medical certification from Miller until March 8, 2005. (Docs. 143 at 9; 156-1 at 5.) Miller, however, asserts that she "likely" mailed a certification to the "medical department" in late December 2004 and that, after learning of the charges against her, she hand-delivered a certification to her supervisor on January 29, 2005. (Docs. 179 at 4; 144-2 at 20.)

CSXT first contends that Miller's absences in December 2004 and January 2005 were not protected under the FMLA because Miller did not submit a timely medical certification

---

[3] CSXT policy therefore provides employees with more time than the 15 days required under federal regulations. See 29 C.F.R. § 825.305.

7

after her request for FMLA leave on July 19, 2004. (Doc. 143 at 12-13.) An employee's absences are not protected under the FMLA if the employee fails to submit a timely medical certification "unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts." 29 C.F.R. § 825.305; see also Cash v. Smith, 231 F.3d 1301, 1307 (11th Cir. 2000).

While CSXT appears to assume that Miller's July 19, 2004, request was related to her later absences, Miller contends that her absences were the result of a "separate and distinct" medical condition. (Doc. 179 at 2.) Miller thus asserts that her alleged submissions in late December 2004 and January 2005 were timely. (Doc. 179 at 13.) At the hearing, counsel for CSXT conceded that a dispute of fact exists as to whether Miller's July 19, 2004, request for leave was related to her later absences and whether any certification submitted in late December 2004 or January 2005 would have been timely.

CSXT contends, however, that this Court can rule as a matter of law that Miller did not submit a medical certification to CSXT in December 2004 or January 2005. Although counsel for CSXT conceded at the hearing that a dispute of fact exists as to whether Miller handed a medical certification to her supervisor in January 2005, CSXT contends that this fact is not material. CSXT argues that, because company policy required employees to submit certifications to CSXT's medical or FMLA administration departments, any submission to her supervisor would have been insufficient. CSXT further argues that Miller was aware of the procedures for submitting FMLA documentation because she had done so in the past. CSXT, however, has cited no authority for the proposition that Miller's hand-

8

delivery to her supervisor was inadequate.[4]

A material issue of fact remains as to whether Miller submitted a medical certification to CSXT in late January 2005. According to Miller, soon after she returned to work in January, her supervisor, Linda Ballentine, provided her with a letter charging her with misuing FMLA leave. (Doc. 144-2 at 20.) Ballentine and Miller then had a discussion regarding the charges, during which Ballentine informed Miller that CSXT had not received her medical certification. (Id. at 22.) Miller claims that she hand-delivered a copy of her certification to Ballentine the next day. (Id.) Miller has stated that, because Ballentine gave her the charge letter and spoke with her regarding her use of leave, she believed that Ballentine was acting as a FMLA representative for CSXT. (Id. at 23.) Under these circumstances, the Court cannot determine as a matter of law whether Miller made the hand-delivery or whether Miller's hand-delivery to Ballentine qualifies as submission to CSXT.[5] Because CSXT has not argued that Miller's certification, if submitted in January 2005, would not have complied with the requirements of the FMLA, the Court does not address whether the submission of Miller's medical certification was otherwise sufficient.

CSXT also argues that it had an "honest suspicion" that Miller was misusing her FMLA leave by her taking leave after CSXT denied her July 19, 2004 request. (Doc. 143 at 15-18.)

---

[4] The regulations governing certification merely provide that the "employee must provide the requested certification to the employer." 29 C.F.R. § 825.305. The regulations also provide that "the employer shall advise an employee whenever the employer finds a certification incomplete or insufficient." Id.

[5] The Court will therefore not address the issue of whether a genuine issue of fact exists as to whether Miller mailed her certification to CSXT in late December 2004.

As explained above, however, a dispute of fact remains as to whether Miller's July 19, 2004 request was related to her later absences and whether Miller in fact submitted a certification in January 2005. If CSXT did receive a timely medical certification, a reasonable jury could find that CSXT did not have an honest belief that Miller was misusing her FMLA leave.

Accordingly, it is hereby:

**ORDERED:**

1. Defendants' Motion For Summary Judgment On The Claim Of Plaintiff Marcie Hoerig In Second Amended Complaint (Doc. 135) as to Hoerig's claim of interference against CSX Transportation, Inc. brought in Complaint "A" is **GRANTED**;

2. Defendants' Motion For Summary Judgment On The Claims Of Plaintiff Anita Humphrey In Second Amended Complaint (Doc. 139) as to Humphrey's claim of interference against CSX Transportation, Inc. brought in Complaint "A" is **GRANTED**;

3. Defendants' Motion For Summary Judgment On The Claim Of Plaintiff Deanna Miller In Second Amended Complaint (Doc. 143) as to Miller's claim of interference against CSX Transportation, Inc. brought in Complaint "A" is **DENIED**;

4. Defendants' Motion For Sanctions Against Plaintiff Jennifer Saul And Her Counsel Gregory G. Paul Pursuant To Fed. R. Civ. P. 11 And 28 U.S.C. § 1927 (Doc. 186) is **DEFERRED**.

5. The claims involving Deanna Miller and Billy Knowles[6] will be set for trial before

---

[6] There was discussion at the hearing that Mr. Knowles's claim might be resolved, but the Court has received no notice to that effect.

the Honorable Paul A. Magnuson.  (See Doc. 204, 205.)

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of December, 2010, nunc pro tunc to December 17, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

js

Copies to:

Counsel of Record

11